UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
┌─────────────────────────────────────┐
│ ROBIN DEAN,                          │
│                                      │
│     Plaintiff,                       │
│                                      │
│     v.                               │
│                                      │
│ AMERICAN FEDERATION OF               │
│ GOVERNMENT EMPLOYEES LOCAL           │
│ 476,                                 │
│                                      │
│     Defendant.                       │
└─────────────────────────────────────┘
```

Civil Action No. 04-1466 (CKK)

**MEMORANDUM OPINION**
(August 29, 2005)

Plaintiff Robin Dean filed this suit against her former employer, Defendant American Federation of Government Employees ("AFGE") Local 476, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Plaintiff alleges that her employer's unwelcome and pervasive sexual advances created a hostile work atmosphere during her tenure with Defendant, and that she was wrongfully terminated due to gender discrimination. *See* Compl. ¶¶ 25-31. Defendant AFGE Local 476 has filed a motion to dismiss the case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming that Defendant does not meet the statutory definition of "employer" necessary to maintain a claim under Title VII because (1) it has fewer than fifteen employees and (2) it does not qualify as a "labor organization engaged in an industry affecting commerce" as required by the statute. Presently before the Court are Defendant's Motion to Dismiss ("Def.'s Mot. to Dismiss"), Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Pl.'s

1

Opp'n") and Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss ("Def.'s Reply").

Upon a searching examination of the present filings, the brief record therein, and the relevant

case law, the Court shall deny Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff was employed by Defendant as a secretary from September 2002 until June 24,

2003.  Compl. ¶ 6.  Subsequent to her dismissal, Plaintiff filed a Complaint in this Court on

August 27, 2004, in which she alleges that she was subjected to sexual harassment from her

supervisor, Mr. Eddie Eitches, during her employment with the AFGE.  Compl. ¶ 7.  In support

of her suit, Plaintiff cites multiple incidents that illuminate her supervisor's alleged inappropriate

behavior.  Compl. ¶¶ 8-24.  Plaintiff's Complaint includes two Title VII claims.  Count One

alleges that the her supervisor's behavior created a hostile work environment that abridged her

rights under Title VII.  Compl. ¶¶ 25-28.  Count Two alleges that her supervisor's conduct

amounted to a discriminatory employment practice under Title VII, and that Plaintiff's

termination was the result of Defendant's gender-based discrimination against her.  Compl. ¶¶

29-31.  On October 14, 2004, Defendant AFGE filed its motion to dismiss for lack of subject

matter jurisdiction pursuant to Federal Rule of Civ. Procedure 12(b)(1), claiming that Defendant

"is not a covered 'employer' as defined by Title VII" because (1) it has fewer than fifteen

employees, and (2) it does not qualify as "labor organization engaged in an industry affecting

commerce" due to the fact that it does not represent "employees of an employer" as defined by

42 U.S.C. § 2000e(e)(1).  *See* Def.'s Mot. to Dismiss at 2-4, 4-6.

## II. LEGAL STANDARD

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

12(b)(1).  In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not

prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle

them to relief."  *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citations

omitted).  A court may appropriately dispose of a case under 12(b)(1) for standing, and may

"consider the complaint supplemented by undisputed facts evidenced in the record, or the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

*Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations

omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may

consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue,

personal jurisdiction or subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98

(D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's

claim, such a document attached to the motion papers may be considered without converting the

motion to one for summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177

F.3d 507, 515 (6th Cir. 1999)).  At the stage in litigation when dismissal is sought, the plaintiff's

complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable

inferences that can be drawn from the alleged facts.  *EEOC v. St. Francis Xavier Parochial Sch.*,

117 F.3d 621, 624 (D.C. Cir. 1997); *Leatherman v. Tarrant County Intelligence & Coordination

Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).  In spite of the favorable

inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to

prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Envtl.*

*Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000); *Pitney Bowes, Inc. v. United States Postal*

*Serv.,* 27 F. Supp. 2d 15, 18 (D.D.C.1998).

## III. DISCUSSION

In her Complaint, Plaintiff alleges that Defendant's conduct violated Title VII, which makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).  Defendant moves to dismiss on the ground that it is not an "employer" as defined in Title VII, and makes two arguments in support of its contention:  (1) Defendant claims it cannot qualify as an "employer" under 42 U.S.C. § 2000e(b) -- which requires fifteen employees -- because, "for all practical purposes, it is an employer of none," and during most of the time Plaintiff was with AFGE Local 476, she was "the sole employee," Def.'s Mot. to Dismiss at 2; and (2) due to the fact that Defendant represents only employees of the Department of Housing and Urban Development ("HUD"), and Section 2000e(b) specifically excludes the United States as a statutorily defined employer, Defendant cannot be said to represent "employees of an employer" and cannot fall within the ambit of Title VII as "a labor organization engaged in an industry affecting commerce" pursuant to 42 U.S.C. § 2000e(e)(1), Def.'s Mot. to Dismiss at 4.

In her Opposition, Plaintiff argues that "Rule 12(b)(1) is not a proper vehicle for challenging this Court's jurisdiction over the case . . . [and] that she is entitled to full discovery in order to show that AFGE has more than fifteen employees and that it is engaged in industry affecting commerce." Pl.'s Opp'n at 2.  The question before the Court is straightforward:  Are the elements of an "employer," as defined by Title VII, jurisdictional requirements?  If the answer is yes, then the Plaintiff bears the burden of persuasion in establishing subject matter jurisdiction. *See Bowes, Inc.,* 27 F. Supp. 2d at 18.  If the answer is no, however, the

determination is a matter of fact and must be determined on the merits, making dismissal under

Rule 12(b)(1) inappropriate.

Defendant cites several cases in support its assertion that the elements of an "employer"

under Title VII are jurisdictional requirements and therefore must be proved by a plaintiff in

order for the case to proceed.  *See* Def.'s Mot. to Dismiss at 3 (citing *Chavero v. Local 241, a*

*Division of the Amalgamated Transit Union,* 787 F.2d 1154, 1155 n.1 (7th Cir. 1986), *Childs v.*

*Local 18, Int'l Bhd. of Elec. Workers,* 719 F.2d 1379, 1983 (9th Cir. 1983)).  Noting a split

among the circuits, Plaintiff correctly points out that the D.C. Circuit has not adopted this

position.  Importantly, in *Haddon v. Walters,* 43 F.3d 1488, 1490-91 (D.C. Cir. 1995), the D.C.

Circuit held that a question as to the number of employees goes to the sufficiency of a complaint

under Rule 12(b)(6) as opposed to jurisdiction, disposable under Rule 12(b)(1).  *But see St.*

*Francis Xavier Parochial Sch.*, 117 F.3d at 626-67 (Sentelle, J., concurring) (noting that he has

since become convinced that *Haddon* was wrongly decided).  In *EEOC v. St. Francis Xavier*

*Parochial School*, *supra*, the D.C. Circuit reaffirmed *Haddon*, and -- in an analysis under both

Rule 12(b)(1) and 12(b)(6) -- held that the number of employees required under the definition of

employer in the analogous Americans with Disabilities Act "forms an element of the plaintiff's

cause of action rather than a prerequisite to the district court's jurisdiction, [and therefore] the

district court erred in dismissing the case for lack of jurisdiction."  *St. Francis Xavier Parochial*

*Sch.,* 117 F.3d at 623.  In reversing the district court's dismissal of the case pursuant to Rule

12(b)(1), the D.C. Circuit emphasized that while "[o]n remand the district court must determine

whether the alleged discriminatory action was taken by an 'employer' within the meaning of the

ADA," "[w]hether the determination can be made at the summary judgment stage or only after a

trial on the merits is unknown at this stage" because "the record must be further developed." *Id.* at 626.

This Court recently addressed this question in *Matthews v. American Psychological Society,* Civ. No. 04-261, 2005 WL 555413 (D.D.C. March 7, 2005), and found that "[t]his Circuit clearly held that whether an employer has enough employees to be covered by the ADA is not a prerequisite to federal subject matter jurisdiction." *Id.* at *4; *see St. Francis Xavier,* 117 F.3d at 622. The same logic controls in this Title VII case. *See Haddon*, 43 F.3d at 1490 (holding that the district court had jurisdiction in a Title VII case where plaintiff incorrectly sued the White House as an 'executive agency' under 42 U.S.C. § 2000e-16(a), but that the district court properly dismissed the case for failure to present a cause of action upon which relief could be granted).

In her Complaint, Plaintiff does not allege specifically that Defendant had the requisite fifteen employees, or that Defendant represented the kind of "employees of an employer" necessary to qualify as "a labor organization engaged in an industry affecting commerce" covered by Title VII. However, the notice form of pleading employed in all federal courts requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the judgment sought. Fed. R. Civ. P. 8. While it might be a stretch to describe Plaintiff's Complaint as "short and plain," Rule 8 makes clear that elaboration of the grounds for the claim is unnecessary to plead in federal court. Plaintiff is not required to delineate for the Court the various elements identified by Defendant that are necessary to establish a claim under Title VII; rather, Plaintiff's Complaint has sufficiently identified those alleged actions taken by Defendant that are the basis of her Title VII claims.

Moreover, under the relevant standard of review to evaluate a Rule 12 motion to dismiss, a court must not dismiss a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Here, while Plaintiff does not contest that AFGE Local 476 has a minimal level of employees, Plaintiff notes that the number of employees of the local union may be combined with the number of employees of the national union -- which is representing Defendant in this case -- in order to meet the statutory requirement of fifteen. Pl.'s Opp'n at 6.

In *Radio & Television Broadcast Technicians Local 1264 v. Broadcast Service of Mobil, Inc.*, 380 U.S. 255, 256 85 S.Ct. 876, 12 L.Ed.2d. 789 (1965), the Supreme Court set out four factors to consider when determining whether multiple entities should be considered as a single employer. Pursuant to the *Radio Technicians* test, a district court is to analyze: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership of financial control. *Id.* Here, there is simply no evidence in the present record to assist the Court in determining whether the relationship between AFGE Local 476 and its national union is sufficiently close to warrant combination under the relevant test. Likewise, the current record provides no aid in determining whether (1) Defendant represents only employees of HUD, as it contends in its Motion to Dismiss, *see* Def.'s Mot. to Dismiss at 5, and (2) whether it qualifies as "a labor organization engaged in an industry affecting commerce" under 42 U.S.C. § 2000e(e)(1). Plaintiff deserves an opportunity to establish whether "the employees of the union local, defendant in this action, and the national, should be considered together or separately" and whether Defendant is a "labor organization engaged in an industry

affecting commerce."  Pl.'s Opp'n at 4.  As in *St. Francis Xavier*, "[b]ecause the claim arises

under the laws of the United States and is neither immaterial and made solely for the purpose of

obtaining jurisdiction not wholly insubstantial and frivolous, the district court has federal

question jurisdiction pursuant to 28 U.S.C. § 1331." *Id.* at 623 (quotation omitted) (citing *Bell,*

327 U.S. at 682-83).  Given the inferences provided to Plaintiff, the non-moving party, on a Rule

12 motion, the Court cannot conclude at this time that Plaintiff will not be able to state a valid

claim under Title VII.  As such, dismissal is not warranted at this point in the litigation, and

discovery must proceed.

In its Reply, Defendant attempts an end-run around these implications and the binding

precedents identified above by asserting that "under either the minority view of *EEOC v. St.*

*Frances* [sic] *Xavier Parochial School,* or the majority view expressed in Judge Sentelle's

concurring opinion, this Court lacks jurisdiction over the subject matter, based upon the record of

this case."  Def.'s Reply at 6.  Regardless of the merits of the positions expressed in the minority

or concurring opinions cited by Defendant, they simply are not the controlling law in this Circuit

at this time.  This Court is bound to follow the binding case law of this Circuit, as expressed in

*St. Francis Xavier* and *Haddon,* and must reject Defendant's argument, regardless of whether the

Circuit Court "questioned its own holding" in *St. Francis Xavier*, as Defendant suggests.  Def.'s

Reply at 3.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied.  Under the

controlling law of the D.C. Circuit, the elements of an 'employer' under Title VII are not

jurisdictional requirements, but rather are elements of a claim that must be decided on the merits.

Accordingly Plaintiff's suit cannot be dismissed under Fed. R. Civ. P 12(b)(1) for lack of subject

matter jurisdiction on that basis.  An appropriate Order accompanies this Memorandum Opinion.

Date:   August 29, 2005

  /s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge